IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL EVERETT, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:17-cv-238 |
| ) | |
| vs. ) | |
| ) | |
| SABIN CORPORATION d/b/a ) | |
| COOK POLYMER, ) | |
| ) | |
| Defendant ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, Daniel Everett, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Daniel Everett, is a resident of Monroe County in the State of Indiana and a former employee of Defendant.

2. Defendant, Sabin Corporation d/b/a Cook Polymer, is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Mr. Everett invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began his employment with Defendant in 1981.

6. In September 2014, Plaintiff was diagnosed with skin cancer which was believed to have been caused by chemical exposure that occurred during the course and scope of Plaintiff's employment.

7. In or around April 2015, Plaintiff was approved for intermittent Family Medical Leave to take care of his wife's medical needs.

8. In early 2016, Plaintiff was diagnosed with Fahr's Disease which may also be related to Plaintiff's on-the-job exposure to chemicals.

9. Plaintiff is also a recovering drug addict that has been drug free at all times relevant to this litigation.

10. All of these conditions affect Plaintiff's major life activities and are disabilities and/or perceived disabilities under the Americans with Disability Act.

11. Plaintiff filed a workers' compensation claim with the company in relation to his diagnosis of skin cancer.

12. On or about March 16, 2016, Plaintiff's supervisor instructed Plaintiff to stop copying material safety data sheets and to refrain from discussing chemical exposure with his coworkers.

13. Plaintiff responded that he would be calling the company hot-line to report that he was being harassed for trying to insure his work environment was safe as an accommodation for his disabilities.

14. The Defendant's plant manager later approached Plaintiff and escorted him to the conference room.

15. Plaintiff was presented a paper and told that he must sign it in order to keep his job.

16. Plaintiff tried to read the document but was told by the plant manager that his need to review the document was an indication that he did not want to return to work the following Monday.

17. Plaintiff signed the document and was led out the door.

18. On or about March 18, 2016, Defendant called the Plaintiff and told him his services were no longer needed.

19. Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged retaliation and discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) charge number 470-2016-01636).

20. The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on November 26, 2016.

## COUNT I

21. Plaintiff incorporates by reference paragraphs one through twenty (20) of his complaint for damages.

22. Plaintiff suffers from a disability(ies) as defined by the Americans with Disabilities Act, specifically he suffers from skin cancer, Fahr's Disease, and is a recovering drug addict.

23. The Defendant was aware Plaintiff's disability(ies) and/or perceived disability(ies) and refused to provide reasonable accommodation when it refused to allow Plaintiff to review and copy material safety data sheets.

24. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

25. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated his employment.

26. Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

27. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (2) of his Complaint for Damages.

29. Plaintiff engaged in protected conduct when he informed his supervisor that he was going to make a hot-line complaint about be harassed because of his disabilities.

30. Defendant terminated Plaintiff in retaliation for exercising his right to report the harassment.

31. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

COUNT III

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of his Complaint for Damages.

33. During his employment with Defendant, Plaintiff utilized approved intermittent Family Medical Leave.

34. Plaintiff suffered an adverse employment action when Defendant terminated his employment while he was on approved family medical leave.

35. Plaintiff:

A. Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

B. Suffered an adverse employment decision because of her request or need for leave under the FMLA; or

C. Suffered an adverse employment decision for taking leave under the FMLA and because of her perceived need for leave under the FMLA.

36. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

COUNT IV

37. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) above.

38. On or about September 2015, Plaintiff file a workers' compensation claim stemming from the fact that he contracted skin cancer as a result of being exposed to dangerous chemicals while on the job.

39. By filing his claim, Plaintiff was exercising his statutory right under the Indiana Workers' Compensation Act.

40. Defendant contravened the Indiana law when it terminated Plaintiff on or about March 18, 2016 in retaliation for Plaintiff filing a workers' compensation claim.

41. Plaintiff's termination, by Defendant, for exercising his statutory rights is in violation of state law, contrary to public policy, and actionable under common law.

42. As a result of Defendant's actions, Plaintiff sustained damages including, but not limited to, lost wages and benefits, and attorney fees.

WHEREFORE, Plaintiff, Daniel Everett, by counsel, respectfully requests judgment against Defendant, Sabin Corporation d/b/a Cook Polymer, in an amount sufficient to fairly and adequately compensate Plaintiff for his lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

<u>/s/ Paul J. Cummings</u>
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Suite A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax